FINDINGS OF FACT BY FACT-FINDER
Pursuant to Practice Book 546B et. seq. and 434, the following findings of fact are respectfully submitted to the Court for review pursuant to 546J:
1. The parties hereto consented to fact finding procedures and to the fact-finder.
2. Plaintiff commenced a collection action against Defendant, a former client, to collect the sum of Eight Thousand One Hundred Seventy-Five ($8,175.00) Dollars, plus interest for legal services rendered.
3. Plaintiff was hired by Defendant during December, 1984 to represent Defendant in a personal injury action as a result of a one car collision. CT Page 5646
4. Plaintiff was engaged to represent Defendant on a contingency fee basis.
5. The contingency fee arrangement was never defined.
6. Plaintiff and Defendant both testified that there was no agreement to pay Plaintiff on an hourly basis.
7. The case was a highly complicated and time consuming case that required approximately 81.75 hours of lawyer time by Plaintiff, and his law firm.
8. During January of 1989, Defendant terminated her relationship with Plaintiff and hired the Law Offices of Joseph E. Fazzano to represent her in the same personal injury action.
9. Defendant eventually settled the lawsuit and Defendant netted approximately One Thousand Five Hundred ($1,500.00) Dollars after costs, legal fees, and no-fault reimbursements monies were deducted.
10. Plaintiff in this action is seeking Eight Thousand One Hundred Seventy-Five ($8,175.00) Dollars, plus interest based upon 81.75 hours multiplied by One Hundred ($100.00) Dollars per hour.
11. It is found that Plaintiff and his law firm could reasonably have spent 81.75 hours on this lawsuit prior to the transfer to the Law Offices of Joseph E. Fazzano. It is further found based upon the evidence that there was no agreement between Plaintiff and Defendant to compensate Plaintiff on an hourly basis.
12. It is found that the Complaint does not contain allegations to support an award of quantum meruit. It is further found that the facts would not support an award of quantum meruit, even if those facts were properly alleged in the Complaint.
13. It is found that that based upon the evidence, Defendant never agreed to pay Plaintiff on an hourly basis, and never anticipated that she would be exposed to pay Plaintiff on an hourly basis.
14. It is further found that Plaintiff refused to participate in procedures relative to the arbitration of fees and decided to file a collection complaint in the Superior Court.
15. The ultimate finding is that Defendant never agreed to pay Plaintiff on an hourly basis, nor would a properly plead action in quantum meruit sustain an award of that amount.
16. Consequently, it is found that Judgment should enter for CT Page 5647 Defendant with costs of record to be paid by Plaintiff to Defendant.
The Fact-Finder, therefore, requests that the Court render judgment in accordance with the above findings of fact pursuant to Practice Book 546J.
Dated at Hartford, Connecticut this 7th day of June, 1991.
JOHN F. McKENNA FACT-FINDER